# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60747
Summary Calendar

ASIF MEHMOOD

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 545 842

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Asif Mehmood, a native and citizen of Pakistan, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) removal order. Mehmood contends that the BIA erred in affirming the IJ's June 8, 2006 denial of his request for a continuance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pending the adjudication of his application for labor certification.[1]  Both the IJ and the BIA determined that Mehmood's pending application for labor certification did not constitute good cause to continue the removal proceedings. This determination was not an abuse of discretion.  See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006).

In Ahmed v. Gonzales, this Circuit held that an IJ's refusal to grant a continuance pending the adjudication of an alien's application for labor certification was not an abuse of discretion.  447 F.3d 433, 439 (5th Cir. 2006). Pursuant to the LIFE Act, a removable alien is permitted to apply for an adjustment of status if, among other things, the alien is the beneficiary of an application for labor certification properly filed on or before April 30, 2001. 8 U.S.C. § 1255(i)(1)(B)(ii).  The Attorney General may adjust an alien's status after he receives a labor certification if: "(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed."  Id. § 1255(i)(2).  Thus, filing of an application for labor certification does not vest the alien with any right to relief from removal, but is merely the first step in the "long and discretionary process" of obtaining an adjustment of status under § 1255(i).  Ahmed, 447 F.3d at 438–39.

Mehmood attempts to distinguish his case from Ahmed by conclusorily asserting that his labor certification was approved and he filed an I-140 visa application on September 11, 2007.  These supposed events, however, allegedly occurred after the BIA issued its August 27, 2007 decision and may not be considered for the first time on appeal, as "our review is limited to the administrative record," Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994)., and nothing in the administrative record here even hints at any of these

---

[1]The IJ had previously granted nine continuances, the first of which had been granted June 29, 2004.

supposed events. In any event, this circuit stated in Ahmed that even had the alien's application for labor certification been approved at the time of the hearing, the alien would have been no less removable. 447 F.3d at 438 & 438 n.3 (stating that only after the approval of the alien's I-140 visa application "would he have been eligible for the discretionary removal relief contemplated by 1255(i)"). At the time of Mehmood's removal hearing, an immigrant visa was not available to him; therefore, the IJ did not abuse his discretion in refusing to grant a continuance.

Mehmood's wholly unsupported and conclusory contention that the IJ's denial of his request for a continuance violated equal protection principles because "the BIA and other courts have allowed continuances based on family based petitions" is deemed waived as inadequately briefed. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Mehmood's petition for review is DENIED.